**STATE OF WEST VIRGINIA**

**FILED**

**November 8, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **A.R. and J.M.**

**No. 19-0336** (Braxton County 17-JA-88 and 17-JA-89)

# MEMORANDUM DECISION

Petitioner Mother M.R., by counsel Andrew Chattin, appeals the Circuit Court of Braxton County's March 2, 2019, order terminating her parental and custodial rights to A.R. and J.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, David Karickhoff, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights upon erroneous findings that she did not comply with the terms of her improvement period and that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2017, the DHHR filed a child abuse and neglect petition alleging that petitioner failed to provide the children with safe and adequate housing, proper medical care, sufficient food, and proper supervision. The DHHR alleged that four-year-old J.M. was observed to be unclean with "several open wounds on her face." Further, the DHHR alleged that the home was in "deplorable condition" with "no food except for a bottle of orange juice and a package of Little Debbie snack cakes." The home had no glass in the window panes, "several soft spots and holes in the floor," and the "back porch was covered in trash bags." The DHHR alleged that "a large rat" was observed crawling out of a trash bag located inside the home. Finally, the DHHR

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

alleged that two other occupants of the home were convicted sex offenders. Petitioner waived her preliminary hearing. In January of 2018, petitioner stipulated to adjudication, and the circuit court adjudicated the children as neglected children and petitioner as an abusing parent. Thereafter, petitioner was granted a post-adjudicatory improvement period.

The circuit court held the final dispositional hearing in January of 2019. Petitioner did not appear, but was represented by counsel. Testimony established that petitioner failed to comply with the terms of her improvement period. A DHHR worker testified that petitioner participated in random drug screening twice and tested positive for methamphetamine on both occasions. Further, as a result of petitioner's failure to participate, she had not visited with the children since their removal. The DHHR worker also testified that petitioner failed to establish full-time employment or a suitable home for the children. Ultimately, the circuit court found that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future because petitioner failed to comply with the services offered by the DHHR. Accordingly, the circuit court terminated petitioner's parental and custodial rights by its March 2, 2019, order. Petitioner now appeals that order.[2]

The Court has previously held:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner asserts that the circuit court erred in terminating her parental and custodial rights upon erroneous findings that she failed to comply with the terms of her improvement period and that there was no reasonable likelihood that the conditions of neglect and

---

[2]According to the parties, the children's respective fathers' parental rights remain intact as they continue to participate in improvement periods. The parties assert that the permanency plan for the children is reunification with their fathers with a concurrent plan of adoption by relatives.

abuse could be substantially corrected in the near future.[3] However, petitioner offers no evidence in support of this argument. Rather, petitioner states generally that "when the evidence is looked at, the [circuit c]ourt's finding that she was unable to correct the conditions of abuse and neglect was clearly erroneous." We find absolutely no merit to this argument.

Petitioner's failure to participate in rehabilitative services supported the finding that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected in the near future. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental and custodial rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. Further, West Virginia Code § 49-4-604(c)(3) provides that situations in which there is "no reasonable likelihood that conditions of neglect or abuse can be substantially corrected" include one in which the abusing parent has

> not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare, or life of the child.

Following the dispositional hearing, the circuit court found that petitioner failed to participate in the services provided by the DHHR. Further, petitioner's limited participation with random drug screening exposed that she was abusing methamphetamines. Even on appeal, petitioner admits that she "was not present at the [d]ispositional hearing and *had not participated in the case for some time.*"(Emphasis added). Therefore, the circuit court's findings that petitioner failed to comply with the terms of her improvement period and that there was no reasonable likelihood that the conditions of neglect or abuse could be substantially corrected are fully supported by the record. Further, the conditions that gave rise to the petition continued and had not been remedied. Therefore, the circuit court's termination of petitioner's parental and custodial rights was necessary for the children's welfare. We have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be

---

[3]Petitioner also argues that the circuit court erred in denying her an additional improvement period following the expiration of the first. However, there is no indication that petitioner requested an additional improvement period below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.,* 206 W.Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, this argument will not be considered on appeal.

substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, as the circuit court's findings are fully supported by the record below, we find no error in the termination of petitioner's parental and custodial rights.

Lastly, because the proceedings in circuit court regarding the fathers are still ongoing, this Court reminds the circuit court of its duty to establish permanency for the children. Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings requires:

> At least once every three months until permanent placement is achieved as defined in Rule 6, the court shall conduct a permanent placement review conference, requiring the multidisciplinary treatment team to attend and report as to progress and development in the case, for the purpose of reviewing the progress in the permanent placement of the child.

Further, this Court reminds the circuit court of its duty pursuant to Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings to find permanent placement for children within twelve months of the date of the disposition order. As this Court has stated,

> [t]he [twelve]-month period provided in Rule 43 of the West Virginia Rules of Procedure[] for Child Abuse and Neglect Proceedings for permanent placement of an abused and neglected child following the final dispositional order must be strictly followed except in the most extraordinary circumstances which are fully substantiated in the record.

*Cecil T.*, 228 W.Va. at 91, 717 S.E.2d at 875, Syl. Pt. 6. Moreover, this Court has stated that

> [i]n determining the appropriate permanent out-of-home placement of a child under W.Va.Code § 49-6-5(a)(6) [1996] [now West Virginia Code § 49-4-604(b)(6)], the circuit court shall give priority to securing a suitable adoptive home for the child and shall consider other placement alternatives, including permanent foster care, only where the court finds that adoption would not provide custody, care, commitment, nurturing and discipline consistent with the child's best interests or where a suitable adoptive home can not be found.

Syl. Pt. 3, *State v. Michael M.*, 202 W.Va. 350, 504 S.E.2d 177 (1998). Finally, "[t]he guardian ad litem's role in abuse and neglect proceedings does not actually cease until such time as the child is placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

For the foregoing reasons, we find no error in the decision of the circuit court, and its March 2, 2019, order is hereby affirmed.

Affirmed.

4

**ISSUED**:  November 8, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

5